1  CHRISTOPHER E. COBEY, SBN 060821
   MARYAM S. KARSON, SBN 221184
2  LITTLER MENDELSON
   A Professional Corporation
3  50 W. San Fernando Street, 14th Floor
   San Jose, CA 95113
4  Telephone:    408.998.4150
   Facsimile:    408/790-0564
5  ccobey@littler.com
   mkarson@littler.com
6
7  Attorneys for Defendant
   BD BIOSCIENCES, a business segment of
8  BECTON, DICKINSON AND COMPANY, a New
   Jersey corporation (erroneously sued herein as "BD
9  BIOSCIENCES, a division of BECTON,
   DICKINSON and CO.")
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14
   DALIP SINGH,                        C07   04300   HRL
15
           Plaintiff,          NOTICE TO FEDERAL COURT OF
16                             REMOVAL OF CIVIL ACTION FROM
       v.                      STATE COURT TO FEDERAL COURT
17
   BD BIOSCIENCES, a division of
18 BECTON, DICKINSON and CO., and
   DOES 1 through 20, inclusive,
19
           Defendants.
20

21

22 TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          PLEASE TAKE NOTICE that Defendant BD BIOSCIENCES, a business segment of

24 BECTON, DICKINSON and COMPANY, a New Jersey corporation (erroneously sued herein as

25 "BD BIOSCIENCES, a division of BECTON, DICKINSON and CO.") ("Defendant" "BD

26 Biosciences") hereby removes the above-entitled action, Case No. 1-07-CV-089983, from the

27 Superior Court of the State of California, County of Santa Clara, to the United States District Court

28 for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. sections 1332(a)(1),

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

1441, and 1446.

**I.    JURISDICTION**

1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a)(1).  This case may be removed pursuant to 28 U.S.C. section 1441(b) because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

**II.    INTRADISTRICT ASSIGNMENT**

2.    Venue in the San Jose Division of the District Court is proper because the events giving rise to Plaintiff's claim occurred in Santa Clara County, California.  N.D. Cal. R. 3-2(e).

**III.    GENERAL INFORMATION**

3.    On July 17, 2007, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled "DALIP SINGH v. BD BIOSCIENCES, a division of BECTON DICKINSON and CO., and DOES 1 through 20, inclusive," designated as Case No. 1-07-CV-089983, hereinafter the "Complaint."

4.    In the Complaint, Plaintiff alleges that Defendant, among other things, unlawfully discriminated against him and harassed him because of his race and national origin, and unlawfully retaliated against him by wrongfully terminating his employment in violation of public policy.  A true and correct copy of the Summons and Complaint from the Santa Clara County Superior Court is attached hereto as Exhibit "A."

5.    On July 23, 2007, a copy of the Summons and Complaint was served upon Defendant.

6.    On August 21, 2007, Defendant filed a General Denial to Plaintiff's Complaint, pursuant to California Code of Civil Procedure section 431.30, in the Santa Clara County Superior Court.  A true and correct copy of Defendant' General Denial to Plaintiff's Complaint is attached hereto as Exhibit "B."

7.    This Notice to Federal Court of Removal of Civil Action is timely in that it is filed within thirty days of July 23, 2007, the date Defendant accepted service of Plaintiff's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
16th Floor
San Jose  CA  95113 2303
408 998 4150

2.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

1   Complaint. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Brown v.

2   Demco, Inc., 792 F.2d 478 (5th Cir. 1986) (thirty day removal period runs for all defendants from

3   the date served with the original complaint); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp.

4   2d 1223, 1229 (C.D. Cal. 2000) (same).

5           8.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b)

6   because it is a civil action over which this Court has original jurisdiction based on diversity of

7   citizenship pursuant to 28 U.S.C. § 1332(a). This case is a civil action between citizens of different

8   states and it is apparent from the face of the Complaint that Plaintiff seeks more than $75,000 in

9   damages, exclusive of interest and costs, because he alleges both past wage loss and future wage loss

10  (Complaint, ¶¶s 21, 22) since his August 2005 termination (Id., ¶ 13). Plaintiff's compensation at

11  the time of his termination exceeded $75,000 per year on an annualized basis.

12  **IV.    DIVERSITY**

13          9.     Diversity grounds for removal exist based upon the following:

14                 a.     Defendant is informed and believes that Plaintiff was, at the time of

15  commencing this action, and still is, a citizen of Santa Clara County, California.

16                 b.     Plaintiff has alleged that Defendant BD Biosciences is a division of

17  Becton, Dickinson and Company. (Complaint, ¶1.) At the time of filing this action and at all times

18  relevant to the allegations contained in Plaintiff's Complaint, Becton, Dickinson and Company was,

19  and still is, a corporation incorporated under the laws of New Jersey. (Complaint, ¶2.) Becton,

20  Dickinson and Company's corporate and executive offices are located in Franklin Lakes, New

21  Jersey, where all of its primary administrative functions (including human resources and payroll) are

22  performed. As a result, Becton, Dickinson and Company's principal place of business is in New

23  Jersey. Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D. N.Y. 1959) [location of

24  corporation's executive and administrative functions is corporation's "nerve center" and principal

25  place of business].

26          In addition, Becton, Dickinson and Company is licensed and does business in every state in

27  the United States and in the District of Columbia. Becton, Dickinson and Company has employees

28  scattered throughout the United States, with no state having a significant majority of concentration

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

3.

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT

1    of employees. In addition, Becton, Dickinson and Company has multiple manufacturing facilities

2    throughout the country, including in the following states: Nebraska, North Carolina, South Carolina,

3    Massachusetts, and Connecticut. Because Becton, Dickinson and Company conducts its activities

4    and operations in numerous states, its principal place typically will be that state in which its

5    executive offices are located, which is New Jersey. J.A. Olson Co. v. Winona, 818 F.2d 401, 407

6    (5th Cir. 1987). Becton, Dickinson and Company, and its business segment, Defendant BD

7    Biosciences, are not citizens of the State of California but, rather, citizens of the State of New Jersey

8    for the purposes of determining diversity of citizenship.

9          c.      Defendants designated as DOES 1 through 20 are fictitious defendants,

10    are not parties to this action, have not been named or served, and are to be disregarded for the

11    purpose of this removal. 28 U.S.C. section 1441(a). McCabe v. General Foods Corp., 811 F.2d

12    1336, 1339 (9th Cir. 1987). The Doe defendants, therefore, need not consent to this removal.

13    **V.    AMOUNT IN CONTROVERSY**

14          10.     In order to satisfy the $75,000 amount in controversy requirement, the removing

15    party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000.

16    Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

17          11. The District Court may consider whether it is facially apparent from the

18    Complaint that the jurisdictional amount is met. Singer v. State Farm Mutual Auto Ins. Co., 116

19    F.3d 373, 377 (9th Cir. 1997); Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp.

20    1196, 1198 (N.D. Cal. 1998).

21          12.     In the present case, Plaintiff's Complaint is silent as to the amount in

22    controversy. However, the failure of the Complaint to specify the total amount of damages or other

23    monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. See White v. J.C.

24    Penny Life Ins. Co., 861 F.Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal

25    court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy].

26    Defendant need only to establish by a preponderance of evidence that the claims exceed the

27    jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996);

28    Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

4.

1    13. Plaintiff's Complaint seeks monetary damages, lost back and front wages, and

2    punitive damages. (Complaint, ¶¶21, 22, 23, 33, 34, 35, 41; Page 9, ¶¶1-3.) At the time of the

3    termination of his employment by Defendant, Plaintiff's annual wage rate was approximately

4    $81,501.24. The aggregation of Plaintiff's claims is sufficient to meet the $75,000 amount in

5    controversy requirement. Wolde-Meskel v. Vocational Instruction Project Community Services,

6    Inc., 166 F.3d 59, 62 (2d Cir. 1999); See Bank of California v. Twin Harbors Lumber Co., 465 F.2d

7    489, 491 (9th Cir. 1972).

8    14. Plaintiff has also pleaded a claim for attorneys' fees under the California Fair

9    Employment and Housing Act "FEHA."    (See, e.g., Complaint, Page 10, ¶5.) Attorney fees

10   recoverable by statute or contract are properly included in the amount in controversy. See Galt G/S

11   v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Prevailing plaintiffs asserting claims for

12   discrimination under the FEHA may recover attorney fees. See Cal. Gov't. Code § 12965(b); Cal.

13   Code of Civ. Proc. §§ 1032, 1033.5(a)(10).

14   15.    In addition to compensatory damages and attorneys' fees, punitive damages

15   are also properly included in computing the jurisdictional amount. Gibson v. Chrysler Corp., 261

16   F.3d 927, 945 (9th Cir. 2001). A removing defendant may demonstrate that it is "facially apparent"

17   from the complaint that the claims likely exceed $75,000, by showing that punitive damages have

18   been pleaded. In White v. FCI USA, Inc., 319 F.3d 672, 675-676 (5th Cir. 2003), the Court held that

19   it was facially apparent that plaintiff's wrongful termination claim exceeded the $75,000 amount in

20   controversy jurisdictional requirement based on her "lengthy list of compensatory and punitive

21   damages" which included a claim for loss of pay, benefits, impaired future earning capacity, harm to

22   credit and emotional distress.

23   16.    In this matter, Plaintiff has pleaded claims for punitive damages in

24   paragraphs 24, 36, 40, and 44.

25   17.    Accordingly, it is apparent from the face of the Complaint that the $75,000

26   amount in controversy requirement is met. See Bosinger v. Phillips Plastics Corp., 57 F. Supp.2d

27   986, 989 (S.D. Cal. 1999) (finding federal jurisdiction over matter, noting that since plaintiff had

28   pleaded contract and tort damages, along with punitive damages, the Complaint exceeded the

.ITTLER MENDELSON
, PROFESSIONAL CORPORATION
0 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

5.

1    $75,000 amount in controversy requirement).

2          18.   Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C.

3    section 1332.

4          19.   All pleadings, process, or orders received by Defendant in the case are attached

5    hereto.  Defendant has received no other process pleadings or orders other than those attached.

6    Dated: August **21**, 2007                    Respectfully submitted,

7

8                                                *[signature]*

9                                                CHRISTOPHER E. COBEY
                                                 LITTLER MENDELSON

10                                               A Professional Corporation
                                                 Attorneys for Defendant

11                                               BD BIOSCIENCES, a business segment of
                                                 BECTON, DICKINSON AND COMPANY, a

12                                               New Jersey corporation (erroneously sued
                                                 herein as "BD BIOSCIENCES, a division of
                                                 BECTON, DICKINSON and CO.")

13

14   Firmwide:82935207.3 045252.1054

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

6.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. On August 21, 2007, I served the within document(s):

**NOTICE OF FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**

☐  by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒  by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐  by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐  by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

H. Tim Hoffman, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

////

////

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA. 95113 2303
408 998 4150

PROOF OF SERVICE

1         I declare under penalty of perjury under the laws of the State of California that the

2    above is true and correct. Executed on August 21, 2007, at San Jose, California.

3

4    _____

5                 Sandy  Joyner

6    Firmwide:82961083.1 045252.1054

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

2.

PROOF OF SERVICE

**EXHIBIT "A"**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BD BIOSCIENCES; a division of BECTON DICKINSON and CO., and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DALIP SINGH



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

2007 JUL 17  A 10: 58

Kiri Torre, Chief ...
COUNTY OF SANTA CLARA, CALIFORNIA
BY ...
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, SANTA CLARA COUNTY<br>191 N. First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso)*<br>**1 07 C V 0 8 9 9 8 3** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
H. TIM HOFFMAN (SB#049141), HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550, Oakland, CA 94612  510-763-5700

DATE: JUL 1 7 2007    Kiri Torre    Chief Executive Officer/Clerk    Clerk, by _____, Deputy
*(Fecha)*                                              *(Secretario)*                                 *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 455
American LegalNet, Inc. | www.USCourtForms.com

1    **HOFFMAN & LAZEAR**
H. Tim Hoffman SBN 49141
2    Arthur Lazear SBN 83603
Morgan M. Mack SBN 212659
3    180 Grand Avenue, Suite 1550
Oakland, CA 94612
4    Telephone (510) 763-5700

5    Attorneys for Plaintiff Dalip Singh

FILED Santa Clara Co
07/17/07 10:55am
Kiri Torre
Executive Offic
By: dwendel DTSCIV010
R#200700069== 663
CK      $320.00
TL      $320.00

6

7    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8    **FOR THE COUNTY OF SANTA CLARA**

9    DALIP SINGH,                         )    Case No.    **1 0 7 C V 0 8 9 9 8**
                        Plaintiff,      )
10                                         )
                                         )
11          vs.                          )    **COMPLAINT FOR DAMAGES**
                                         )
12   BD BIOSCIENCES, a division of       )    **Discrimination and Harassment Based on**
     BECTON, DICKINSON and CO.,          )    **Race and National Origin;**
13   and DOES 1 through 20, inclusive,   )
                                         )    **Retaliation;**
14                        Defendants.    )
                                         )    **Wrongful Termination in Violation of Public**
15                                       )    **Policy**
                                         )
16   _____   )

17          Comes now Plaintiff Dalip Singh and alleges as follows:

18                                 **PARTIES AND VENUE**

19          1.      Plaintiff Dalip Singh was an employee of Defendant BD BIOSCIENCES ("BD

20   Biosciences"), a division of BECTON, DICKINSON and CO. ("BD and Co." or "Defendant").

21          2.      BD and Co. is a corporation headquartered in New Jersey with a place of business

22   in San Jose, California for the BD Biosciences division.

23          3.      Plaintiff is informed and believes, and on that basis alleges, that Defendant is

24   qualified to do business in California by the California Secretary of State and has at all relevant

25   times herein been doing business in California under its current and former names.

26          4.      Plaintiff is informed and believes, and on that basis alleges, that William Rhodes

27   ("Mr. Rhodes") was at all times relevant herein General Manager for Defendant.

28          5.      At all times relevant herein, Defendant BD Biosciences maintained an office

located at 2350 Qume Drive, San Jose, California.

6.    At all times relevant herein, Plaintiff and Mr. Rhodes were employed at this location.

7.    Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on that basis alleges, that at all times material, each Defendant was the agent and employee of its codefendants, and in doing the things alleged in this complaint was acting within the course and scope of that agency and employment and with the permission, consent, and ratification of the other Defendants.  Plaintiff is further informed and believes, and on that basis alleges that Defendants, and each of them, did aid, abet, incite, compel, and coerce each of the other Defendants named herein in doing the things hereinafter alleged in violation of the California Fair Employment and Housing Act, Government Code § 12900 *et seq.* ("FEHA").

8.    The true names and capacities of defendants sued herein as Does 1 through 20, inclusive, are unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names.  Plaintiff will move to amend this complaint when and if the true names of said defendants become known to them.

## FACTUAL ALLEGATIONS

9.    Mr. Rhodes was at all times relevant herein General Manager at the BD Biosciences office in which Mr. Singh was employed and was his direct supervisor.  Mr. Rhodes is a Caucasian male.

10.    Mr. Singh is Asian, of Indian descent, Sikh, and male.

11.    During the course of his employment at BD Biosciences, Plaintiff was subjected to repeated incidents of harassment and discrimination based on his race and national origin by Mr. Rhodes.

12.    Plaintiff made several complaints to both Mr. Rhodes's supervisor as well as to

COMPLAINT                                                                                                          2

1 │ the human resources department.

2 │     13.     In August 2005, after making repeated complaints, Plaintiff was terminated

3 │ from his position at BD Biosciences, Inc.

4 │

5 │          **FIRST CAUSE OF ACTION**

6 │ (Race Discrimination and Racial Harassment In Violation of
   │ Government Code § 12940)

7 │     14.    Plaintiff repeats the allegations contained in paragraphs 1 through 13 of this

8 │ Complaint and makes each of said allegations a part of this Cause of Action as if each of said

9 │ allegations was repeated herein in full.

10 │

11 │     15.    Beginning on or about October, 2003 and continuously thereafter until on or about

12 │ August 27, 2005, Plaintiff was subjected to numerous, repeated and continuing episodes of

13 │ discrimination and harassment based upon his race in that Mr. Rhodes, among other things: made

14 │ unwelcome comments regarding Plaintiff's race, and repeatedly discriminated against Plaintiff in

15 │ the terms and conditions of his employment because of his race.

16 │

17 │     16.    Defendant knew of these discriminatory and harassing actions because Plaintiff

18 │ complained to Mr. Rhodes and his managing agents about the racially harassing and

19 │ discriminatory conduct. Despite Defendant's knowledge of the above-mentioned harassment,

20 │ Defendant failed to take immediate and appropriate action to stop the conduct. Furthermore,

21 │ before the discrimination and harassment occurred, Defendant failed to take all reasonable steps

22 │ to prevent such conduct from occurring.

23 │

24 │     17.    Plaintiff was subjected to a work environment where compliance with racial

25 │ harassment and discrimination was made a condition of employment, and was treated differently

26 │ from other similarly situated employees on the basis of his race.

27 │

28 │ COMPLAINT                                              3

18.    Defendant's acts of racial harassment, discrimination, and other conduct as alleged herein created an intimidating, hostile, abusive, and offensive working environment which unreasonably interfered with Plaintiff's working conditions and performance. This environment was detrimental to Plaintiff's emotional and physical health and adversely affected Plaintiff's employment opportunities with Defendant. Said conditions were such that a reasonable person in Plaintiff's situation would consider said harassment and discrimination so severe or pervasive as to alter their terms and conditions of employment and create an abusive working environment.

19.    Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race in violation of Government Code § 12940(a).

20.    Defendant's actions as alleged above constitute unlawful harassment on the basis of race in violation of Government Code § 12940(h)(1).

21.    As a proximate result of Defendant's actions as alleged herein, Plaintiff has been harmed in that Plaintiff has been subjected to adverse employment decisions including, but not limited to, the termination of Plaintiff's employment with Defendant, and has lost and will continue to lose, wages, salary, commissions, bonuses, and other benefits and additional amounts of money Plaintiff would have received if he had not been harassed and discriminated against, all to Plaintiff's damages in an amount according to proof.

22.    As a further proximate result of Defendant's actions as alleged herein, Plaintiff was further harmed in that Plaintiff will suffer future wage loss, loss of future earning capacity, loss of employment-related opportunities, and loss of reputation. Plaintiff was further deprived

COMPLAINT                                                                                                                          4

1   of his right to hold employment without discrimination or harassment on the basis of race.

2

3       23.    Plaintiff is entitled to reasonable attorneys' fees based on the provisions of §

4   12965(b) of the Government Code.

5       24.    The aforementioned acts of the Defendant, as described herein, were done with

6   malice, fraud or oppression, and in willful and conscious disregard of Plaintiff's rights under the

7   FEHA and the California Constitution, thereby entitling Plaintiff to an award of punitive

8   damages in an amount appropriate to punish and make an example of Defendants, and each of

9   them.

10

11      25.    Plaintiff has exhausted his administrative remedies under the FEHA by the

12  following:

13

14      a.    On or about February 21, 2006, within one year of the dates of

15      discrimination herein alleged, Mr. Singh filed charges of discrimination

16      and retaliation with the California Department of Fair Employment and

17      Housing ("DFEH").  See Exhibit A, attached hereto.

18

19      b.    On or about April 19, 2007, the DFEH issued to Mr. Singh Notices of

20      Case Closure, which are also Right-to-Sue Notices.  See Exhibit B,

21      attached hereto.

22

23  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set

24  forth.

25  ///

26

27  ///

28  COMPLAINT                                                                                              5

## SECOND CAUSE OF ACTION

(National Origin Discrimination and Harassment In Violation of
Government Code § 12940)

26.    Plaintiff repeats the allegations contained in paragraphs 1 through 25 of this Complaint and makes each of said allegations a part of this Cause of Action as if each of said allegations was repeated herein in full.

27.    Beginning on or about October, 2003 and continuously thereafter until on or about August 27, 2005, Plaintiff was subject to numerous, repeated and continuing episodes of discrimination and harassment based upon his national origin in that Mr. Rhodes among other things: made unwelcome comments regarding Plaintiff's national origin, and repeatedly discriminated against Plaintiff in the terms and conditions of his employment because of his national origin.

28.    Defendant knew of these discriminatory and harassing actions because Plaintiff complained to Mr. Rhodes and his managing agents about the harassing and discriminatory conduct.  Despite Defendant's knowledge of the above-mentioned discrimination and harassment, Defendant failed to take immediate and appropriate action to stop the conduct. Furthermore, before the harassment occurred, Defendant  failed to take all reasonable steps to prevent such conduct from occurring.

29.    Plaintiff was subjected to a work environment pervasive with discriminatory and harassing conduct, and was treated differently  from other similarly situated employees on the basis of his national origin.

30.    Defendant's acts of harassment based on Plaintiff's national origin, discrimination, and other conduct as alleged herein created an intimidating, hostile, abusive, and

COMPLAINT                                                                                              6

offensive working environment which unreasonably interfered with Plaintiff's working conditions and performance. This environment was detrimental to Plaintiff's emotional and physical health and adversely affected Plaintiff's employment opportunities with Defendant. Said conditions were such that a reasonable person in Plaintiff's situation would consider said harassment and discrimination so severe or pervasive as to alter his terms and conditions of employment and create an abusive working environment.

31.    Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of national origin in violation of Government Code § 12940(a).

32.    Defendant's actions as alleged above constitute unlawful harassment on the basis of national origin in violation of Government Code § 12940(h)(1).

33.    As a proximate result of Defendant's actions as alleged herein, Plaintiff has been harmed in that Plaintiff has been subjected to adverse employment decisions including, but not limited to, the termination of Plaintiff's employment with Defendant, and has lost and will continue to lose, wages, salary, commissions, bonuses, and other benefits and additional amounts of money Plaintiff would have received if he had not been harassed and discriminated against, all to Plaintiff's damage in an amount according to proof.

34.    As a further proximate result of Defendant's actions as alleged herein, Plaintiff was further harmed in that Plaintiff will suffer future wage loss, loss of future earning capacity, loss of employment-related opportunities, and loss of reputation. Plaintiff was further deprived of his right to hold employment without discrimination or harassment on the basis of national origin.

COMPLAINT                                                                                    7

35.     Plaintiff is entitled to reasonable attorneys' fees based on the provisions of § 12965(b) of the Government Code.

36.     The aforementioned acts of the Defendant, as described herein, were done with malice, fraud or oppression, and in willful and conscious disregard of Plaintiff's rights under the FEHA and the California Constitution, thereby entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendant.

37.     Plaintiff has exhausted his administrative remedies under the FEHA as stated in paragraphs 25(a) & (b).

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**THIRD CAUSE OF ACTION**
(Retaliation In Violation of Government Code § 12940(f))

38.     Plaintiff repeats the allegations contained in paragraphs 1 through 37 and make each of said allegations a part of this Cause of Action as if each of said allegations was repeated herein in full.

39.     Defendant's actions as alleged hereinabove, including but not limited to terminating Plaintiff from his employment with Defendant, were pursued in retaliation for Plaintiff's complaining about Mr. Rhodes' harassing actions. Such conduct constitutes retaliatory discrimination in violation of Government Code § 12940(f).

40.     Defendant committed the acts alleged herein maliciously, fraudulently, willfully, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Defendant committed the above-described acts with the knowledge, approval, direction and ratification of defendant BD Biosciences. Plaintiff thus is entitled to recover punitive damages from Defendant.

COMPLAINT                                                                                          8

41.    Plaintiff has exhausted his administrative remedies under the FEHA as stated in paragraphs 25(a) & (b).

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policy)

42.    Plaintiff repeats the allegations contained in paragraphs 1 through 41 of this complaint and makes each of said allegations a part of this Cause of Action as if each of said allegations was repeated herein in full.

43.    The actions of Defendant and Mr. Rhodes and the conditions alleged herein created intolerable conditions for Plaintiff and forced Mr. Singh to be terminated. As such, they were in violation of the fundamental principles of public policy of the State of California and the objectives underlying said policy and law, resulting in Plaintiff's wrongful termination.

44.    Defendant and Mr. Rhodes committed the acts alleged herein maliciously, fraudulently, willfully, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Mr. Rhodes committed the above-described acts with the knowledge, approval, direction and ratification of Defendant BD Biosciences. Plaintiff thus is entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, according to proof, as follows:

1.    For general damages according to proof in excess of the jurisdictional minimum of this Court;

2.    For past and future wage loss, loss of future earning capacity, loss of employment benefits, and other monetary relief according to proof;

3.    For punitive damages in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others;

COMPLAINT                                                                                          9

4.     For prejudgment interest;

5.     For reasonable attorneys' fees pursuant to Government Code § 12965(b);

6.     For costs of suit incurred herein; and

7.     For such other and further relief as the Court deems just and proper.


Dated: July 16, 2007                              HOFFMAN & LAZEAR


                                                  H. TIM HOFFMAN.
                                                  Attorney for Plaintiff


COMPLAINT                                                              10

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 556-2006-00181 |

California Department Of Fair Employment & Housing and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone No. *(incl Area Code)* | Date of Birth |
|---|---|---|
| Mr. Dalip Singh | (408) 847-2230 | 06-01-1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6430 Kensington Place, Gilroy, CA 95020 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| BECTON DICKINSON BIOSCIENCES | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2350 Qume Drive, San Jose, CA 95131 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | Earliest: 11-27-2004   Latest: 09-27-2005<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with the above named employer in October 1985. I was last classified as Senior Telecom/Network Engineer.

Beginning in October 2003 and continuing to August 27, 2005, I was subjected to ongoing different terms and conditions of employment by William Rhodes, General Manager, White, USA. In October and November 2003, he expected me to perform personal services for him at his home, including laborer functions. No one else was expected to do this for him. I complained about discrimination in November 2003. From that time on, I was still subjected to different terms and conditions of employment by William Rhodes. I was tasked to perform duties that others were not required to perform, I was given additional duties and subjected to closer scrutiny and harsher standards. No one else was treated the same way. On August 27, 2005, I was disciplined. On September 27, 2005, I was discharged, allegedly because I read the e-mails of William Rhodes.

I believe that I was subjected to different terms and conditions and after I complained about discrimination, I was retaliated against by being subjected to continuing different terms and conditions, discipline and discharge, due to my race, Indian, and my national origin, India, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Feb 21, 2006 _____<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT B

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dalip Singh<br>6430 Kensington Place<br>Gilroy, CA 95020 | From: | San Jose Local Office<br>96 North Third Street<br>Suite 200<br>San Jose, CA 95112 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative<br>Lynn E. Hart,<br>Investigator | Telephone No. |
|---|---|---|
| 556-2006-00181 | | (408) 291-4231 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____          4-19-2007
Lisa Jung Atkins,                                     (Date Mailed)
Local Office Director

- Enclosure(s)

cc:     Robert J. Wilger
        Attorney
        LITTLER MENDELSON
        50 West Fernando Street
        14th Floor
        San Jose, CA 95113

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    — Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within
90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    — Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit
before 7/1/02 — *not* 12/1/02 — in order to recover unpaid wages due for July 2000. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if
you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed
within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    — Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    — All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**EXHIBIT "B"**

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| CHRISTOPHER E. COBEY SBN 060821 <br> MARYAM S. KARSON, SBN 221702 <br> LITTLER MENDELSON <br> 50 W. San Fernando Street, 14th Floor, San Jose, CA 95113 | 408.998.4150 | |

ATTORNEY FOR *(Name):* Dft BD Biosciences, a business segment of BECTON, DICKINSON and CO.

| NAME OF COURT: | Superior Court of the State of California |
|---|---|
| STREET ADDRESS: | 191 No. First Street |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | San Jose, CA 95113 |
| BRANCH NAME: | County of Santa Clara |

PLAINTIFF: DALIP SINGH

DEFENDANT: BD BIOSCIENCES, a division of BECTON, DICKINSON and CO., and DOES 1 through 20, inclusive,

| **GENERAL DENIAL** | CASE NUMBER: <br> 107CV 089983 |
|---|---|

---

You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1000 or less.

You MAY use this form if:
1. The complaint is not verified, OR
2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT

You MAY NOT use this form if the complaint is verified and involves a claim for more than $1000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 90-100, 431.30, and 431.40).

---

1. DEFENDANT (name): BD Biosciences, a business segment of BECTON, DICKINSON AND COMPANY
   generally denies each and every allegation of plaintiff's complaint.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   (see attachment)

Date: August 21, 2007

CHRISTOPHER E. COBEY
(TYPE OR PRINT NAME)

► *[signature]*
(SIGNATURE OF DEFENDANT OR ATTORNEY)

---

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> PLD-050 [Rev. January 1, 2007] | **GENERAL DENIAL** | Code Civ. Procedure, §§ 431.30, 431.40 <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

1    Defendant BD Biosciences, a business segment of BECTON, DICKINSON AND

2    COMPANY, a New Jersey corporation (erroneously sued herein as "BD BIOSCIENCES, a division

3    of BECTON, DICKINSON and CO.") ("Defendant"), asserts the following affirmative defenses to

4    the Complaint filed herein.

5        1.    Plaintiff's causes of action are barred by the applicable statute of limitations,

6    including, but not limited to, California Government Code sections 12960 and 12965(b), and

7    California Code of Civil Procedure section 335.1.

8        2.    Plaintiff's Complaint fails to state facts sufficient to constitute any cause of

9    action or to set forth a claim upon which relief may be granted.

10        3.    The employment actions complained of by Plaintiff were made without

11    malice, in good faith and for legitimate, non-discriminatory and/or non-retaliatory business reasons.

12        4.    Defendant has no knowledge of any discriminatory and/or retaliatory, or

13    otherwise unlawful behavior by any of its employees, agents, or representatives.

14        5.    Defendant has exercised reasonable care to prevent and promptly correct any

15    discriminatory and/or retaliatory, or other unlawful behavior.

16        6.    At all times relevant, Defendant promulgated an anti-discrimination and/or

17    anti-harassment policy and complaint procedure that was communicated to Plaintiff. Plaintiff

18    unreasonably failed to take advantage of the established complaint procedures, failed to take

19    advantage of other preventative or corrective opportunities provided by Defendant, and otherwise

20    failed to avoid harm.

21        7.    To the extent its employees engaged in any discriminatory and/or retaliatory

22    or otherwise unlawful behavior, the alleged acts were committed outside the course and scope of

23    employment.

24        8.    Plaintiff's claims, in whole or in part, are barred; or that any recovery should

25    be reduced, pursuant to the avoidable consequences doctrine, because Defendant took reasonable

26    steps to prevent and correct workplace discrimination and/or retaliation, Plaintiff unreasonably failed

27    to use the preventative and corrective opportunities provided to employees by Defendant, and

28    reasonable use of Defendant's procedures would have prevented at least some of the harm Plaintiff

LITTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. 107 CV 089983

AFFIRMATIVE DEFENSES

1    allegedly suffered.

2        9.    To the extent during the course of this litigation it acquires any evidence of

3    Plaintiff's wrongdoing, such after-acquired evidence bars Plaintiff's claims of liability or damages or

4    reduces such claims as provided by law.

5        10.    The injuries and damages alleged in the Complaint were caused by and/or

6    were contributed to by Plaintiff's own acts or failure to act and that Plaintiff's recovery, if any,

7    should be reduced by an amount proportionate to the amount by which said acts caused or

8    contributed to said alleged injuries or damages.

9        11.    Any award to Plaintiff must be reduced on the basis that Plaintiff failed and

10    refused to make reasonable efforts to mitigate, minimize or avoid any alleged losses or damages.

11        12.    Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver,

12    unclean hands and/or laches.

13        13.    Plaintiff has failed to state facts sufficient to constitute a claim for punitive

14    damages.

15        14.    Plaintiff is not entitled to punitive damages because any imposition of

16    punitive damages would constitute an impermissible restriction on speech in violation of the First

17    Amendment of the United States Constitution, and because the provisions of California law allowing

18    for the award of punitive damages and the substantive rules, procedures and standards for

19    determining such an award violate Defendant's due process and equal protection rights pursuant to

20    the United States and California Constitutions, and impose an undue burden on interstate commerce.

21        15.    Plaintiff is barred from recovering on his Complaint because Defendant's

22    alleged conduct was privileged, justified, and/or consented to by Plaintiff.

23        16.    At all relevant times, plaintiff was an at-will employee, subject to termination,

24    with or without cause, and with or without notice.

25        WHEREFORE, Defendant prays judgment against Plaintiff as follows:

26        1.    For an order dismissing Plaintiff's claims with prejudice, and entering

27    judgment in favor of Defendant and against Plaintiff;

28        2.    For all reasonable costs and attorneys' fees incurred by Defendant in

TTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
16th Floor
an Jose  CA  95113 2303
408 988 4150

2.                    Case No. 107 CV 089983

AFFIRMATIVE DEFENSES

1    connection with the defense of this matter; and

2            3.    For such other and further relief as the Court in the exercise of its discretion

3    deems just and proper.

4

5    Dated:   August 21, 2007

6

7    _Christopher E. Cobey_

8    CHRISTOPHER E. COBEY
     MARYAM S. KARSON

9    LITTLER MENDELSON
     A Professional Corporation

10   Attorneys for Defendant
     BD Biosciences, a business segment of

11   BECTON, DICKINSON AND COMPANY, a
     New Jersey corporation

12    (erroneously sued herein as "BD
     BIOSCIENCES, a division of BECTON,

13   DICKINSON and CO.")

14

15   Firmwide:82934239.3 045252.1054

16

17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON
Professional Corporation
West San Fernando Street
14th Floor
an Jose CA 95113 2303
408 998 4150

3.

AFFIRMATIVE DEFENSES

Case No. 107 CV 089983

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 14th Floor, San Jose, California 95113.2303. On August 20, 2007, I served the within document(s):

### GENERAL DENIAL

☐    by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

H. Tim Hoffman, Esq.
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

////

////

////

TLER MENDELSON
PROFESSIONAL CORPORATION
Vest San Fernando Street
14th Floor
n Jose, CA 95113 2303
408.998.4150

1    I declare under penalty of perjury under the laws of the State of California that the

2  above is true and correct. Executed on August 20, 2007, at San Jose, California.

3

4

5                                                         Sandy Joyner

6  Firmwide:82961083.1 045252.1054

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE